

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable A. E. Hickerson
County Auditor
Montgomery County
Conroe, Texas

Dear Sir:

Opinion No. O-3757
Re: Would the commissioners' court
have authority to refund the
$500.00 under the facts set
forth.

Your recent request for an opinion of this department on the above stated question has been received.

You refer to the case of State of Texas vs. Roy Barnhill, No. 8323 in the District Court of Montgomery County and your letter reads as follows:

"The above case tried in the District Court of Montgomery County indicates that Roy Barnhill forfeited his bond of $500.00 which was paid in cash by the bondsmen.

"Roy Barnhill was located in California and was returned to Montgomery County. He was convicted and appealed the case to the Court of Appeals, which body reversed the District Court decision and was sent back for re-trial, then dismissed by the District Attorney.

"Roy Barnhill's attorney is demanding the return of the $500.00 bond forfeiture.

"Would the Commissioners' Court have authority to refund this cash."

The Code of Criminal Procedure particularizes each incident in the collection of forfeited recognizances and bail bonds. Without quoting these statutes, we only refer to

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable A. E. Hickerson, Page 2

them, namely Articles 424--440, inc., Vernon's Annotated Code
of Criminal Procedure. It is stated in Texas Jurisprudence
Volume 5, page 924:

"The undertaking of the bail is an
original undertaking for the appearance of
the principal to answer the charge against
him. If they do no have him in court
according to the terms of their obligation,
the undertaking stands forfeited, the pro-
ceeding to exact forfeiture being prescribed
by statute. * * *"

In order to compensate the county in which a criminal
prosecution is had, provision is made by the Code for the pay-
ment to that county of the amounts collected from forfeited
bail bonds; the sums are not required to be paid into the
State Treasury for the benefit of the State at large. Article
949, C.C.P., provides in part:

"Money collected by an officer upon
recognizances, bail bonds and other
obligations recovered upon in the name of
the State * * * shall herewith be paid over
by the officers collecting the same to the
county treasurer of the proper county
after first deducting therefrom the legal
fees and commissions for collecting the same."

Article 424, Code of Criminal Procedure provides:

"Whenever a defendant is bound by
recognizance or bail bond to appear at any
term of a court, and fails to appear on the
day set apart for taking up the criminal
docket, or any subsequent day when his case
comes up for trial, a forfeiture of his
recognizance or bail bond shall be taken."

Section 11 of Article 4 of the State Constitution,
in its grant of power to the Governor, provides in part as
follows:

"* * * In all criminal cases, except
treason and impeachment, the Governor shall
have power, after conviction, on the written
signed recommendation and advice of the Board
of Pardons and Paroles, or a majority there-
of, to grant reprieves and communtations of

Honorable A. E. Hickerson, Page 3

punishment and pardons; and under such
rules as the Legislature may prescribe, and
upon the written recommendation and advice of
a majority of the Board of Pardons and Paroles,
he shall have the power to remit fines and
forfeitures. * * *"

The Legislature has provided in this respect that
"the Governor shall have power to remit forfeitures or
recognizances and bail bonds." (Article 954, Vernon's
Annotated Code of Criminal Procedure)

Article 439, Vernon's Annotated Code of Criminal
Procedure provides:

"If, before final judgment is
entered against the bail, the principal
appear or be arrested and lodged in jail
of the proper county, the court may, at its
discretion, remit the whole or part of the sum
specified in the bond or recognizance."

It is stated in Texas Jurisprudence, Volume 5, page
933 that:

"This statute grants authority to the
trial court to remit a forfeiture taken, and
also leaves it to the discretion of the court
as to whether or not such a remission shall be
made. This discretion is confided to the trial
judge, and not to the Court of Criminal Appeals;
and it is only in these cases where the record
discloses that the trial court has abused
discretion that the court on appeal will
disturb the judgment. * * *"

In addition to the discretionary power which the
courts are clothed to remit the whole or a part of the
forfeiture, it appears that remission may be a matter of
right. Article 440, Vernon's Annotated Code of Criminal
Procedure provides:

"When the principal appears before the
entry of final judgment, and sufficient cause
is shown for his failure to appear before the
forfeiture is taken, and a trial is had of
the criminal action pending against him, he

Honorable A. E. Hickerson, Page 4

shall be entitled to have the forfeiture set
aside. The criminal action against him shall
stand for trial but the State shall not be
forced to try the same until reasonable time
has been allowed to prepare for trial, and
the State shall, in such case, be entitled to
a continuance."

Article 436, Vernon's Annotated Code of Criminal
Procedures specifically provides exclusive defensive causes
which must exist in order that final judgment of forfeiture
may be avoided. Referring to this statute, it is stated in
Texas Jurisprudence, Volume 5, page 938:

" * * * It was enacted for the purpose
of confining a surety's defenses to one of those
enumerated, and to prevent any inquiry as to
the guilt or innocence of the principal
defendant or of the validity of invalidity of
the indictment. The causes which will exonerate
the obligors from liability are held within
narrow limits, evidencing an intention on the
part of the legisla ure to insure the state
against the burden of meeting multiplied issues
of fact. In order to be exonerated from liability,
the obligors must bring themselves within the
provisions of this statute, which may be done
only upon proper pleading in the trial court."

For the purposes of this opinion, we must assume
that the forfeiture of the above mentioned bond and the collection
of the $500.00 was legally done as specified by the statutes
governing forfeitures of recognizances and bail bonds. We
have discussed, above, the remission of forfeitures of re-
cognizances and bail bonds and the circumstances under which
they are permitted. In view of the foregoing authorities and
under the facts stated, you are respectively advised that
it is the opinion of this department that the Commissioners'
Court has no legal right or authority whatsoever to remit
or refund the above mentioned $500.00.

Honorable A. E. Hickerson, Page 5

       Trusting that the foregoing fully answers your inquiry, we are

                      Yours very truly

APPROVED JUL 25, 1941         ATTORNEY GENERAL OF TEXAS

FIRST ASSISTANT
ATTORNEY GENERAL         By

                        Ardell Williams
                          Assistant

AW:eaw



APPROVED
OPINION
COMMITTEE
BY